UNITED STATES DISTRICT COURT
FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

LE TU VAN,                                    :
                                              :
            Petitioner                        :
                                              :
      v.                                      :  CIVIL NO. 3:CV-07-1035
                                              :
BUREAU OF IMMIGRATION AND      :  (Judge Kosik)
CUSTOMS ENFORCEMENT FIELD      :
OFFICE DIRECTOR FOR DISTRICT   :
OF PHILADELPHIA,[1]

            Respondent

### Memorandum and Order

      Le Tu Van ("Van"), presently a detainee of the United States Immigration and

Customs Enforcement ("ICE") incarcerated at the York County Prison, Pennsylvania,

filed the instant petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 on

June 6, 2007.  Along with his petition, he has filed a motion to proceed in forma

pauperis (Doc. 2).  For the reasons set forth below, the motion to proceed in forma

pauperis will be granted and Van's petition will be referred to ICE as a request for

review under 8 C.F.R. § 241.13.

---

      [1] The Department of Homeland Security recently changed the name of the
Bureau of Immigration and Customs Enforcement ("BICE") to the United States
Immigration and Customs Enforcement ("ICE").  The change became effective March
31, 2007.  See 72 FR 20131.

## I.    Background

Van, a citizen of Vietnam, is subject to a final order of removal from the United States dated on or about June 24, 1999.  Van states he was released on parole following his first order of removal and then committed a parole violation.  He thereafter served three (3) years on the parole conviction and apparently was taken back into ICE custody and his removal order reissued.  He states that he was taken into ICE custody on May 17, 2005, and has been detained by ICE since that time.

Van claims that he does not challenge the validity of the removal order, but challenges his excessive and arbitrary continued detention.  He states that, to date, ICE has been unable to remove him to Vietnam, and represents that he would not pose a threat to society and is not a flight risk.  He is seeking release pursuant to Zadvydas v. Davis, 533 U.S. 678 (2001).  He claims that he has been held in excess of two (2) years, and is entitled to a meaningful opportunity to demonstrate that he should not be detained pending removal.[2]  As relief he seeks to either be released on supervision or, in the alternative, afforded some type of meaningful review by ICE.

## II.   Discussion

Detention, release, and removal of aliens ordered removed is governed by the provisions of 8 U.S.C. § 1231.  Under § 1231(a), the Attorney General has ninety

---

[2] Van appears to be arguing that since taken into ICE custody in May of 2005, he has not had any type of custody review.

days to remove an alien from the United States after his order of removal, during

which time detention is mandatory.  Section 1231(a)(1)(B) provides:

> The removal period begins to run on the latest of the following:
>
> > (i)  The date the order of removal becomes administratively
> > final.
> >
> > (ii) If the removal order is judicially reviewed and if the
> > court orders a stay of the removal of the alien, the date of the court's
> > final order.
> >
> > (iii) If the alien is detained or confined (except under an
> > immigration process), the date the alien is released from
> > detention or confinement.  At the conclusion of the 90 day
> > period, the alien may be held in continued detention, or may
> > be released under continued supervision.

8 U.S.C. §1231.  The statute "limits an alien's post-removal-period detention to a

period reasonably necessary to bring about the alien's removal from the United

States.  It does not permit indefinite detention." Zadvydas v. Davis, 533 U.S. 678,

689 (2001).  "Once removal is no longer reasonably foreseeable, continued detention

is no longer authorized by statute." Id. at 699.  To establish uniformity in the federal

courts, a period of six months was recognized as a "presumptively reasonable period

of detention." Id. at 701. If at the conclusion of the six month period the alien

provides good reason to believe that there is no significant likelihood of deportation

in the reasonably foreseeable future, the burden shifts to the government to "respond

with evidence sufficient to rebut that showing." Id. Not every alien must be released

after six months.  An alien may still be detained beyond six months "until it has been

determined that there is no significant likelihood of removal in the reasonably foreseeable future." Id.

Following Zadvydas, regulations were promulgated to meet the criteria established by the Supreme Court. See 8 C.F.R. § 241.4. Prior to the expiration of the mandatory ninety day removal period, the district director shall conduct a custody review for an alien where the alien's removal cannot be accomplished during the prescribed period. 8 C.F.R. § 241.4(k)(1)(I). When release is denied pending the removal, the district director may retain responsibility for custody determinations for up to three months, or refer the alien to the Headquarters Post Order Detention Unit ("HQPDU") for further custody review. 8 C.F.R. § 241.4(k)(1)(ii). Once jurisdiction is transferred, an eligible alien may submit a written request for release to the HQPDU asserting the basis for the alien's belief that there is no significant likelihood that he will be removed in the reasonably foreseeable future. 8 C.F.R. § 241.13(d)(1).

Under the instant facts, the mandatory detention provision has expired, and jurisdiction to make a determination concerning Van's custody now lies with the HQPDU. It does not appear that Van has filed a written request for release with the HQPDU. Consequently, ICE will be ordered to treat the petition as a request for release under 8 C.F.R. § 241.13. ICE shall respond to the request within thirty (30) days.

Having referred the issue of release to the government for disposition under existing review procedures, Van's petition will be denied.

**ACCORDINGLY, THIS 11th DAY OF JUNE, 2007,** upon consideration of the petition for writ of habeas corpus, **IT IS HEREBY ORDERED THAT :**

1.      The motion to proceed in forma pauperis (Doc. 2) is granted for the sole purpose of filing this petition.

2.      As of the date of this Order, ICE shall treat the petition for writ of habeas corpus as a request for release under 8 C.F.R. §§ 241.4 and 241.13.  ICE shall provide Petitioner with a response to his request within thirty (30) days.

3.      The Clerk of Court is directed to serve a copy of the petition and this Order on the Respondent and the United States Attorney.

4.      The petition for writ of habeas corpus is denied.

5.      The Clerk of Court is directed to close this case.

_____

*s/EDWIN M. KOSIK*
United States District Judge